UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF NEW MEXICO

**MARIE A. NEVAREZ and**
**ROBERT NEVAREZ,**
    **Plaintiffs,**                            Case No.  **2:22-cv-422**
**v.**                                                  Judge _____

**UNITED STATES DEPARTMENT OF HOMELAND**
**SECURITY, UNITED STATES CUSTOMS & BORDER**
**PATROL, USBP SUPERVISOR EUGENE MONTOYA,**
**USBP AGENT ARTURO CARRIERE, individually and in**
**their official capacities.**

    **Defendants.**

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES DUE TO NEGLIGENCE, DUTY TO USE ORDINARY CARE, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, FAILURE TO PROVIDE ADEQUATE AND PROPER TRAINING, PERSONAL INJURY, AND VICARIOUS LIABILITY**

      **COMES NOW** Plaintiffs, **MARIE A. NEVAREZ** and **ROBERT NEVAREZ**, by and through their counsel, Shaharazad Booth, and hereby files their complaint for personal injury and damages, and states the following in support thereof:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiffs Marie A. Nevarez (hereinafter Marie) and Robert Nevarez (hereinafter Robert) are residents of Doña Ana County, New Mexico.

2. Defendant United States Department of Homeland Security (hereinafter DHS), is an administrative and political subdivision of, and duly existing by reason of and pursuant to the laws of the United States of America.

3. Defendant United States Customs and Border Patrol (hereinafter CPB) is an administraive and political subdivision of the DHS and operates as the agency responsible

for monitoring and policing goods and individuals entering the United States of America and within its borders, and further is responsible for the training and oversight of its law enforcement agents.

4. Defendant Supervisor Eugene Montoya (hereinafter Montoya) was at all times material to this complaint a supervisor with the Las Cruces, Dona Ana County, New Mexico CPB Office, and is responsible for the supervision of agents at the location. Defendant is sued individually and in his official capacity. Defendant Montoya was acting under color of law and within the scope and course of his duties at all times material to this Complaint.

5. Defendant Agent Arturo Carriere (hereinafter Carriere) is a resident of and employed in Dona Ana County, New Mexico. At all times material to this complaint, he was duly appointed, employed, and acting as a law enforcement agent of the CBP. Defendant is sued individually and in his official capacity. Defendant Montoya was acting under color of law and within the scope and course of his duties at all times material to this Complaint.

6. At all times material to this Complaint, Montoya and Carriere were acting under color of law as described in 42 USC §1983.

7. The actions giving rise to this Complaint occurred in Dona Ana County, New Mexico on or about January 14, 2020.

8. This Court has jurisdiction over this subject matter and the parties pursuant to 42 USC §1983 and venue is proper as the actions giving rise to this Complaint occurred entirely within the District of New Mexico.

**FACTUAL BACKGROUND**

9. On January 14, 2020, at approximately 6:30 a.m., 52 year old Marie was on her regular morning neighborhood jog. While on Atlas Street, Marie observed Defendant Carriere, dressed in a US Border Patrol uniform, exit a white, unmarked but official vehicle in front of the address 6027 Atlas Street, on Marie's path of travel.

10. As Marie was jogging past 6027 Atlas Street, she heard a barking canine. A loose canine appeared from around Carriere's vehicle and charged onto the street toward her in an attack stance. Marie only had time to cover her face and neck with her arms before the canine attacked her on the left thigh. Marie was trapped between a parked vehicle and the vicious canine on the street, screaming for help, while the canine continued to attack her. The canine released its bite on Marie, but positioned itself aggressively in front of her, continuing to bark fiercely. Marie heard Carriere repeatedly yell "Nay" at the canine. At the same time, Marie was screaming for Carriere to get his canine under control. Eventually, Carriere opened the door to his vehicle and was able to secure the canine inside of the vehicle.

11. Once the canine was secured, Carriere contacted his supervisor, Defendant Montoya, who advised that he should arrive at the location within 10 minutes. Carriere's wife appeared from inside the home located at 6027 Atlas Street to assist Marie. A short time later, Carriere's supervisor, Defendant Montoya, and another unidentified canine handler arrived at the home. Marie declined requests to call an ambulance because she was in shock and unaware of the extent of her injuries.

12. It was requested of Marie to enter Carriere's home, located at 6027 Atlas Street, to take pictures of the injuries. Marie complied, allowing Carriere's wife, Magaly Carriere, to assist her.

13. Marie then began her walk home. About halfway to her home, Marie felt her adrenaline wear off, and intense pain from the attack began to set in. Overwhelmed with emotion and physical pain, she broke down crying.

14. Marie's husband, Plaintiff Robert Nevarez, observed her extensive injuries when she arrived home and immediately transported her to Mountain View Emergency Center located at 2811 North Main, Las Cruces, New Mexico, for treatment of her injuries.

15. Marie followed up with her Primary Care Provider, Sangeeth Shanbhag Pai, MD, with New Mexico Primary Care Group, P.C., on January 15, 20, and 27, 2020, for treatment of her injuries related to the incident.

16. Due to Marie experiencing nightmares, panic attacks, stress, anxiety, insomnia, irritability, and difficulty concentrating, Marie's Primary Care Provider referred her to a counselor for treatment of her psychological injuries related to the trauma of this incident.

17. Marie presented to clinician Lisa Rosenblatt with Counseling Las Cruces on January 23, 2020, for treatment. Marie was diagnosed with Post-Traumatic Stress Disorder, Acute. Marie attended therapy with Counseling Las Cruces for 21 visits, was given tools to manage her long-term trauma, and was last seen on September 3, 2020.

18. This incident was reported to Las Cruces Police Department on January 16, 2020. Officer V. Madrid (C460) was dispatched to Marie's home located at 3534 Camino Verde, Las

Cruces, New Mexico, at approximately 1134 hours. After speaking with Marie, Officer Madrid went to the Carriere's address, but there was no answer at the door. Officer Madrid then contacted Defendant Montoya via telephone. Montoya confirmed that a Border Patrol canine had bitten Marie. Montoya stated that he reported the incident to central dispatch the same day, and spoke with Animal Control Officer Flores. Montoya stated that the canine had been placed into quarantine at Argus Veterinary clinic and the quarantine was scheduled to be completed on January 24, 2020.

19. Montoya was unwilling to provide Officer Madrid with the name of Defendant Carriere, who was involved in the original event, and so agreed to be listed as the responsible party for the purpose of the report.

20. An incident report was sought from the U.S. Customs and Border Protection office located at 3120 North Main Street, Las Cruces, New Mexico. A representative from undersigned counsel's office visited this location and was informed this request would need to be submitted via Freedom of Information Act Online. A request for an incident report was submitted via FOIA Online on March 2, 2020, with an estimated date of completion of April 3, 2020. On March 20, 2021, this office received a heavily redacted incident report from FOIA online regarding Marie's canine attack incident.

21. Since the date of the incident, Robert had to modify his work schedule to care for Marie during her panic attacks and for her appointments with both her Primary Care physician and her therapist.

22. As a direct result of Defendants' actions and inactions, Marie suffered the following damages:

   a) Personal injury;

   b) Mental anguish and distress;

   c) Pecuniary losses.

23. As a direct result of Defendants' actions and inactions, Robert suffered the following damages:

   a) Mental anguish and distress;

   b) Loss of consortium.

24. The fault of the Defendants was the direct and proximate case of these damages to the Plaintiffs, the amount of which is to be determined at trial.

## NEGLIGENCE

25. Plaintiffs incorporate by reference paragraphs 1-24 as if fully set forth and repeated herein.

26. Defendants have a legal and ethical duty to exercise ordinary care to provide a safe and secure environment for members of the general public they encounter in the scope of their duties. That includes, but is not limited to, proper security of Border Patrol canines.

27. Defendant Carriere has a duty to follow proper policies and procedures regarding the safety and security of the general public, both for his own actions and that of his assigned canine.

28. Defendants, through their employees, agents, and apparent agents, breached the duties they owed to members of the general public, such as Plaintiffs, by failing to:

   a) Provide a safe and secure environment for the general public in situations where the general public was likely to encounter agents and their canines;

    b) Properly and adequately train their employees, agents, and apparent agents, including but not limited to ensuring that canines were property trained.

29. Defendants were negligent in the handling and control of the canine who attached Marie.

30. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered damages in an amount to be determined at trial.

## DUTY TO USE ORDINARY CARE

31. Plaintiffs incorporate by reference paragraphs 1-30 as if fully set forth and repeated herein.

32. Defendants had a duty to exercise ordinary care to protect the general public from the actions of both agents and canine agents of the Border Patrol, to ensure that the general public is not injured or exposed to conduct by agents or canine agents that is unsafe, dangerous, or life-threatening to the extent that those conditions are known or foreseeable.

33. Defendants failed to exercise ordinary care and, in their failure to do so, caused and did cause both physical and emotional injuries to Plaintiffs.

34. As a direct and proximate result of Defendants' failures, Plaintiffs suffered excruciating pain and fear.

35. Defendants' actions and inactions were done negligently, and Plaintiffs are entitled to punitive damages in an amount to be determined by proof at trial.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiffs incorporate by reference paragraphs 1-35 as if fully set forth and repeated herein.

37. Defendants negligently caused and did cause Plaintiff Marie to suffer fear, distress, and extreme pain.

38. Defendants negligently caused and did cause Plaintiff Robert to suffer distress and loss of consortium.

39. Defendants' negligence was a directly proximate and contributory cause of Plaintiffs' injuries.

40. As a direct and proximate result of Defendant' actions and inactions, Plaintiff Marie suffered excruciating pain, fear, and distress, and Plaintiff Robert suffered emotional distress and loss of consortium.

41. Defendants' actions and inactions were done negligently, and Plaintiffs are entitled to punitive damages in an amount to be determined by proof at trial.

## FAILURE TO PROVIDE ADEQUATE AND PROPER TRAINING

42. Plaintiffs incorporate by reference paragraphs 1-41 as if fully set forth and repeated herein.

43. Defendants DHS, CPB, and Montoya had the duty and responsibility to adequately and properly train agents on the mandated and correct way to secure and handle their assigned canines.

44. Defendants DHS and CPB had the duty and responsibility to adequately and properly train canines to follow commands and to only attack individuals when specifically instructed to do so.

45. Defendant Carriere did not follow a reasonable course of action when he permitted his canine to leave his premises and walk unrestrained to his official vehicle, at which time the canine attacked the unsuspecting and innocent Plaintiff Marie Nevarez.

46. As a direct and proximate result of the acts and omissions of Defendants described herein, Plaintiffs suffered damages.

## PERSONAL INJURY

47. Plaintiffs incorporate by reference paragraphs 1-46 as if fully set forth and repeated herein.

48. Due to her injuries and emotional trauma, Plaintiff Marie could not return to work for a period of approximately three (3) weeks.

49. Plaintiff Robert suffered loss of consortium with Plaintiff Marie.

50. Plaintiff Marie continues to suffer from trauma, as of the date of this pleading, as a proximate cause of Defendants' actions.

51. Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

## VICARIOUS LIABILITY

52. Plaintiffs incorporate by reference paragraphs 1-51 as if fully set forth and repeated herein.

53. Defendants Montoya and Carriere each were acting within the scope of their employment when they committed the tortious actions against Plaintiffs described herein.

54. Defendants Montoya and Carriere were under the direct supervision, employ, and control of Defendants DHS and CPB when they committed the tortious actions against Plaintiffs described herein.

55. Defendants Montoya and Carriere were serving the interests of Defendants DHS and CPB when they committed the tortious actions against Plaintiffs described herein.

56. Defendants DHS and CPB are vicariously liable for the negligent and wrongful conduct of Defendants Montoya and Carriere under the law of vicarious liability, including the doctrine of respondeat superior.

57. As a direct result of Defendant Montoya and Defendant Carriere's conduct, Plaintiff Marie has suffered and will continue to suffer severe and permanent physical injuries; emotional distress, physical manifestations of emotional distress, loss of self-esteem, and other psychological injuries; was prevented and will be continued to be prevented from performing her normal daily activities and obtaining the full enjoyment of life; and has incurred and will continue to incur expenses for medical treatment.

58. As a direct result of Defendant Montoya and Defendant Carriere's conduct, Plaintiff Robert has suffered and will continue to suffer emotional distress and loss of consortium; and was prevented from performing his normal daily activities and obtaining the full enjoyment of life.

## DAMAGES

59. Plaintiffs incorporate by reference paragraphs 1-58 as if fully set forth and repeated herein.

60. As a result of the actions described herein, Plaintiffs have suffered damages.

61. Plaintiffs should be awarded judgment against Defendants United States Department Of Homeland Security, United States Customs & Border Patrol, USBP Supervisor Eugene Montoya, and USBP Agent Arturo Carriere in compensation as follows:

   a) Damages for pecuniary losses, past and future;

b) Compensatory damages for the personal injuries, fear, and distress caused to Plaintiff Marie by the unlawful acts of Defendants.

c) Compensatory damages for distress and loss of consortium caused to Plaintiff Robert by the unlawful acts of Defendants.

d) Punitive damages against Defendants for their negligent and intentional acts in reckless disregard for the safety of Plaintiffs.

e) Reasonable attorney fees;

f) Costs of this lawsuit;

g) Pre- and post-judgment interest; and

h) Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby request a jury trial on all issues properly triable to a jury.

Respectfully Submitted:

/s/ SHAHARAZAD BOOTH_____
Shaharazad Booth
*Attorney for Plaintiffs*
135 W Griggs Ave
Las Cruces, NM 88001
(575) 523-8233 (o)
(575) 267-6245 (f)